**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARTIN PIMENTAL-LOPEZ,

                Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

                Respondent.

No.   13-72363

Agency No. A077-142-054

MEMORANDUM[*]

On Petition for Review of an Order of the
Department of Homeland Security

Argued and Submitted October 2, 2017
Portland, Oregon

Before:  PAEZ and BEA, Circuit Judges, and LAMBERTH,[**] District Judge.

Martin Pimental-Lopez, a native and citizen of Mexico, petitions for review

of the Department of Homeland Security's ("DHS") February 12, 2013 order

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       [**]     The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

reinstating his February 4, 1999 order of removal.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Review of a reinstated order of removal is typically "limited to confirming the agency's compliance  with the reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137 (9th Cir. 2008); *see also Morales Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2007) (en banc).  Pimental-Lopez does not challenge any of the three requirements for reinstatement of the February 4, 1999 removal order.  *See* 8 U.S.C. § 1231(a)(5);  *Garcia de Rincon*, 539 F.3d at 1137. Instead, he challenges the underlying removal order on several legal and constitutional grounds.

The governing statute, 8 U.S.C. § 1252(b)(1) states that the "petition to review [orders of removal] must be filed not later than 30 days after the date of the final order of removal."  Pimental-Lopez's order of removal was entered against him on February 4, 1999. He did not challenge that removal order until the instant appeal, which he filed on May 20, 2014.  Therefore, this court lacks jurisdiction to review his challenges to the underlying order of removal.  In light of this disposition, we need not address Pimental-Lopez's remaining arguments.

**PETITION DENIED.**

2